UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00103-LLK

**TIMOTHY RAY REYNOLDS**                                                                 **PLAINTIFF**

v.

**NANCY A. BERRYHILL, Acting Commissioner of Social Security**            **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Dockets # 18 and 21. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. (Docket # 10.)

The Court will REMAND this matter to the Commissioner for a new decision because the Administrative Law Judge ("ALJ") failed to consider the vocational impact of Plaintiff's urination urgency and did not give good reasons for discounting the opinion of his treating physician.

**The ALJ erred in failing to consider the vocational impact of Plaintiff's urination urgency.**

Plaintiff suffers from a congenital kidney/bladder condition. (Administrative Record ("AR") at 68, 282.) He testified that "I have three kidneys." (AR at 68.) The ALJ noted that a "CT scan revealed a duplicated right renal collection system with two separate non-dilated ureters [and] a left renal cyst." (AR at 22 referencing AR at 282.) Plaintiff has been diagnosed with bladder cancer. (AR at 19.) The ALJ acknowledged that Plaintiff suffers from a severe, or vocationally significant, kidney disorder and bladder cancer. (*Id.*)

Plaintiff testified that "I just have pain in my kidneys"; "I'll probably go to the bathroom 12 to 15 times a day"; it "comes on quickly [so] I've got to stay close to a restroom." (AR at 46-47.) The VE testified

that Plaintiff would be unemployable if he must "always have access to a bathroom close by" and "needs to go whenever [he] need[s] to go" (i.e., not just during scheduled breaks). (AR at 68.) The VE added that "I have worked with bladder and prostate cancer individuals and they cannot sustain employment because of their leaving the work station too often." (AR at 69.) "It affects productivity and they eventually get terminated." (*Id.*)

The ALJ found that Plaintiff became disabled on April 4, 2017 (his fifty-fifth birthday) based on a direct application of Rule 202.06 of Appendix 2 of the regulations. (AR at 25.) For the closed period between May 21, 2015 (when Plaintiff alleges he became disabled) through April 3, 2017, the ALJ found that Plaintiff was not disabled because he retained the ability to perform a significant number of jobs in the national economy such as elevator operator, general office helper, assembler, and cashier. (AR at 24.) The ALJ based this finding of non-disability during the closed period upon a vocational hypothetical that explicitly accommodated **no** unscheduled bathroom breaks. (AR at 70-71.)

Although the ALJ found that Plaintiff suffers from a vocationally-significant kidney disorder and bladder cancer, the ALJ included **no** work-related limitation (e.g., urination urgency) based on those impairments in formulating her residual functional capacity (RFC) finding. (AR at 19-20.) The ALJ's decision is also silent on the questions of whether Plaintiff requires frequent bathroom breaks (as alleged) and, if so, the frequency and duration of such breaks.

A remand is required in this case for a new decision addressing the above questions for two reasons. First, "[t]he ALJ cannot have it both ways" when a disabling level or urination urgency is alleged. *Jeley v. Comm'r of Soc. Sec.*, No. 2:17-CV-396, 2018 WL 286169, at *6 (S.D. Ohio Jan. 4, 2018). "That is, the ALJ cannot find an impairment to be severe and then fail to include a 'limitation associated with the impairment while fashioning an RFC.'" *Id.* (quoting *Lutz v. Comm'r*, No. 2:14-cv-725, 2015 WL 5343660, at *9 (S.D. Ohio Sept. 15, 2015)). Second, where a claimant alleged a need for frequent bathroom breaks and "the ALJ offered no analysis of the issue, the court [is] precluded from engaging in meaningful review

2

and remand [is] warranted." *Hooks v. Comm'r*, No. 3:13-CV-454, 2014 WL 4348182, at *7 (E.D. Tn. Sept. 2, 2014) (citing *McNelis v. Comm'r*, No. 08-12529, 2009 WL 3210713, at *6 (E.D. Mich. Sept. 29, 2009)). *See also Sherrill v. Comm'r*, No. 1:13-cv-276, 2014 WL 1338114, at *7 (S.D. Ohio April 2, 2014) (report adopted, 2014 WL 1672926) (remanding for the ALJ to "determine the frequency and duration of plaintiff's required bathroom breaks and the practical work-day limitations resulting therefrom in formulating plaintiff's RFC.").

### The ALJ's decision failed to give good reasons for discounting Dr. Patel's opinions, which, if accepted, would preclude light work during the closed period.

For the period between May 21, 2015 and April 3, 2017, the ALJ found that Plaintiff retained the ability to perform light work. (AR at 20.) "[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." Social Security Ruling (SSR) 83-10, 1983 WL 31251, at *5. "Sitting may occur intermittently during the remaining time." *Id.*

Plaintiff testified that he could stand for "probably five to ten minutes" and walk for "maybe 50 yards" before having to sit down due to pain and fatigue and because his "left leg goes numb." (AR at 50.) In February 2017, Plaintiff's treating physician, Bharat Patel, completed a medical assessment form, finding, among other things, that, during an 8-hour workday, Plaintiff could stand and walk continuously for 0 hours and could alternately sit for less than 2 hours and stand/walk for less than 2 hours. (AR at 763.) Dr. Patel stated that his opinion was premised upon the following diagnoses:

> Severe DDD [degenerative disc disease] of entire spine, S/P [status post] lumbar surgery, CAD [coronary artery disease] with stents, radiculopathy with neuropathy of both legs, tach and HTN [tachycardia and hypertension], depression, cancer of bladder, dyslipidemia. Patient is totally disabled with no chance of recovery.

(*Id.*) The ALJ gave "no weight" to Dr. Patel's assessment because "the limitations provided are extreme and inconsistent with Dr. Patel's own treatment records and imagining[1]" and because "[d]uring the

---

[1] A lumbar spine radiograph revealed post-surgical changes at L4-S1 and multi-level degenerative disc disease and facet arthropathy, and cervical and thoracic spine radiographs revealed multi-level and diffuse degenerative changes. (AR at 764-66.)

3

claimant's most recent office visit [with Dr. Patel,] Dr. Patel indicated that [Plaintiff] had a normal gait, normal sensation, and normal muscle strength.[2]" (AR at 22.)

As noted above, Dr. Patel found that Plaintiff suffers from radiculopathy and neuropathy in his legs and coronary artery disease with stents. (AR at 763.) Radiculopathy and neuropathy are associated with the numbness to which Plaintiff testified, and coronary artery disease with stents is associated with the alleged fatigue. (AR at 50.) Therefore, contrary to the ALJ's finding (AR at 22), it was not "extreme and inconsistent" that Dr. Patel found that Plaintiff was unable to sustain any significant standing/walking -- regardless of whether he had normal gait, normal sensation, and normal muscle strength. 20 C.F.R. 404.1527(c)(2) provides that "we will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." The ALJ's decision failed to give good reasons for discounting Dr. Patel's opinions. This is significant because, if accepted, Dr. Patel's opinions would preclude the light work, which the ALJ found Plaintiff could perform during the closed period.

### *Karnes v. Comm'r* is distinguishable.

Finally, Plaintiff argues that a remand is required for essentially the same reasons identified in *Karnes v. Comm'r*, No.5:18-CV-00023-LLK, 2019 WL 438385 (W.D. Ky. Feb. 4, 2019). Like this case, the ALJ in *Karnes* awarded Karnes benefits after her fifty-fifth birthday pursuant to a direct application of the Appendix 2 rules. The Court remanded for reconsideration of Karnes' disability status for the closed period between the alleged onset of disability date and Karnes' fifty-fifth birthday. The reason for the remand was the prohibition against "mechanical application" of the grid rules when there is evidence that, in the few days to few months preceding the change in age category, the claimant suffered

---

[2] Dr. Patel's treatment notes consisted of handwritten notes on what appears to be a printout form containing typewritten text tailored to each patient. Plaintiff's typewritten notes state:
    CNS [central nervous system]    DTR [deep tendon reflexes] - Normal    Motor - Normal
                                  Sensory - Normal                                 Gait -    Normal
(See, e.g., AR at 256, 258, 260, …, 699, 701, 703, …, 768, 770, 772, …) At times, the handwritten notes contradict the typewritten notes, for example, the note at AR 260 included the generic "Gait - Normal," but Dr. Patel wrote Plaintiff "walks with limp as usual."

"additional vocational adversity," which the ALJ failed to consider. *Id.* at *2 (quoting *Blackburn v. Comm'r*, No. 18-5123, 2018 WL 4378665, at *3 (6th Cir. 2018)). The additional vocational adversity in *Karnes* consisted of the fact that Karnes was recovering from neck surgery in the weeks immediately preceding her fifty-fifth birthday, and her treating physician opined that she would be unable to work (at any exertional level) during recovery.

In this case, in contrast, Plaintiff identifies and the Court finds no additional vocational adversity in the weeks preceding his fifty-fifth birthday. Stated somewhat differently, while the ALJ's finding that Plaintiff could perform light work during the closed period may or may not be supported by substantial evidence, there is no evidence making that finding particularly unsupported for the latter portion of the period.

## Order

For the foregoing reasons, this matter is hereby REMANDED to the Commissioner for a new decision consistent with this Opinion and for any further proceedings deemed necessary and appropriate by the Commissioner.

July 8, 2019

**Lanny King, Magistrate Judge**
**United States District Court**